**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jose Leon-Mora,

Petitioner

v.

John Mattos, et al.,

Respondents

Case No.: 2:26-cv-02867-JAD-EJY

**Order Dismissing First Amended Habeas Petition, Denying Preliminary-Injunction Motion and Motion for Order to Show Cause as Moot, and Closing Case**

[ECF Nos. 2, 13, 21]

Petitioner Jose Leon-Mora is a Mexican citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials on September 7, 2026, and is currently detained at the Nevada Southern Detention Center (NSDC). After his arrest, immigration officials gave him a document informing him that ICE intended to reinstate his March 9, 2014, removal order. Leon-Mora seeks a writ of habeas corpus, alleging that ICE illegally detained him under 28 U.S.C. § 1231 by failing to produce his prior removal order and that this unlawful detention violates his due-process rights. After a preliminary-injunction hearing, the government provided Leon-Mora's prior removal order to the court. His first amended habeas petition now alleges that the government violated his due-process rights by failing to provide the prior order at the time of his detention and failing to establish that he unlawfully reentered the United States after his removal.

Reinstating a removal order under § 1231 requires the government to find that the detainee is a noncitizen who is subject to a prior removal order and reentered the United States unlawfully. Because the government followed the statutory and regulatory requirements when reinstating Leon-Mora's prior removal order, I do not find that the government violated his due-

process rights under 8 U.S.C § 1231 or 8 C.F.R. § 241.8. I thus deny Leon-Mora's petition for release. And because I deny relief, I deny as moot Leon-Mora's preliminary-injunction motion and motion for order to show cause on why the government should not be held in contempt.

## Background

Leon-Mora is a citizen of Mexico who first entered the United States unlawfully on an unknown date.[1] He voluntarily departed the United States in 2001, 2004, and 2008.[2] He was removed via expedited removal on July 11, 2014.[3] Leon-Mora later reentered the United States.[4] On September 7, 2026, he was arrested by ICE officers and detained at NSDC.[5] The Department of Homeland Security (DHS) subsequently issued a Form I-871 reinstating Leon-Mora's prior removal order.[6] DHS states that Leon-Mora was removed on March 9, 2014, identifies him as the noncitizen subject to the prior removal order, and concludes that he unlawfully reentered the United States following his 2014 removal.[7] Leon-Mora declined to sign the Form I-871.[8]

---

[1] ECF No. 12-1 at 11 (Leon-Mora's Form I-213).

[2] *Id.*

[3] *Id.* at 12. Leon-Mora's Form I-213 states that he was issued an expedited removal form on March 9 or 10, 2014. It lists multiple dates for his "physical[] remov[al]" to Mexico, the latest of which is July 2014. *Id.* at 11–12. Between the issuance of his expedited removal form and actual removal, Leon-Mora accepted a plea agreement in the Arizona district court under 8 U.S.C. § 1325(a)(11) for "illegal entry" and the court sentenced him to "105 days in the custody of the Bureau of Prisons." *Id.* at 12. I thus do not find the discrepancy in the dates of Leon-Mora's removal dispositive—his records show that he was ordered removed in March 2014, was convicted and served jailtime, then was removed in July 2014.

[4] ECF No. 1-2.

[5] ECF No. 21 at ¶ 15.

[6] *Id.* at ¶ 16; *see* ECF No. 1-2.

[7] ECF No. 1-2.

[8] *See id.*; ECF No. 21 at ¶ 16.

Leon-Mora moved for a temporary restraining order (TRO) and preliminary injunction three days after his arrest, arguing that DHS failed to produce the underlying removal order and, without the supporting record, DHS didn't establish authority to detain him.[9] He sought emergency relief because "ICE [Enforcement and Removal Operations] ha[d] confirmed that petitioner w[ould] be removed" on Friday, four days after his arrest and the day after he filed the TRO and preliminary-injunction motions.[10] I granted the TRO in part, requiring the government to keep Leon-Mora at NSDC while his preliminary-injunction motion was pending.[11] The government filed a response to Leon-Mora's preliminary-injunction motion, arguing primarily that he could not show a likelihood of success on the merits because DHS lawfully detained him under 8 U.S.C. § 1231.[12] Leon-Mora filed a motion for an order to show cause, arguing that the government should be held in contempt because ICE removed him from NSDC the day after I issued the TRO.[13] ICE returned him to NSDC the same day after his counsel urged compliance with the TRO.[14]

I heard the parties' preliminary-injunction arguments a week after I issued the TRO. I ordered the government to respond to the preliminary-injunction motion, show-cause motion, and habeas petition; and I directed the government, if possible, to include Leon-Mora's prior removal order in these filings.[15] I ordered Leon-Mora to reply to the government's habeas-

---

[9] ECF No. 2 at 2.

[10] *Id.* at 6 (cleaned up).

[11] ECF No. 8.

[12] ECF No. 12 at 3–5.

[13] ECF No. 13 at 2.

[14] *Id.*

[15] ECF No. 15.

petition response.[16] After a brief extension, the government responded to Leon-Mora's habeas petition and show-cause motion.[17] And Leon-Mora filed three briefings—a supplement to his preliminary-injunction motion, a reply to the government's habeas-petition response, and an amended habeas petition.[18] Because both his habeas-petition reply and amended habeas petition make the same arguments, I consider the operative version of the petition in my discussion.

## Discussion

### A. This court has jurisdiction over Leon-Mora's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[19] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[20] Because Leon-Mora challenges the legality of his 8 U.S.C. § 1231 detention this court has jurisdiction over his claims.

I have not issued a briefing schedule for Leon-Mora's first amended habeas petition. Under 28 U.S.C. § 2243, a court can grant a writ of habeas corpus or "issue an order directing the respondent to show cause why the writ should not be granted." But if "it appears from the application that the applicant or person detained is not entitled" to habeas relief, the court can deny petitioner's request without receiving a response.[21] Because I do not find that Leon-Mora

---

[16] *Id.*

[17] *See* ECF Nos. 16–17, 19–20. The government already responded to Leon-Mora's preliminary-injunction motion before my order. *See* ECF No. 12.

[18] *See* ECF Nos. 18, 21–22.

[19] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[20] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[21] 28 U.S.C. § 2243.

is entitled to relief based on the claims in his first amended petition, I deny the petition without requiring the government to respond.

**B. The government lawfully detained Leon-Mora under 8 U.S.C. § 1231.**

With its habeas-petition response, the government filed Leon-Mora's March 9 and 11, 2014, Form I-860 notice of expedited removal and Form I-296 noncitizen notice of removal; April 1, 2014, Form I-871 notice of intent to reinstate prior removal order, warrant of removal, and noncitizen warning of removal; and two sworn statements from Leon-Mora's applications for admission during his 2014 detention.[22] To its preliminary-injunction response, the government also attached the 2014 Arizona district-court plea agreement subjecting Leon-Mora to imprisonment for unlawfully entering the United States.[23] So Leon-Mora no longer argues that his detention is unlawful because the government failed to produce his prior removal order.[24] He now contends instead, both in his habeas-petition reply and first amended petition, that the government failed to provide "the complete administrative record for the September 2026 reinstatement" of his prior removal order.[25] He argues that the government cannot lawfully detain him because it failed to provide this record at the time of his detention.[26] He also argues that the government has not included "the evidence relied upon to establish a post-July 2014 unlawful reentry."[27]

---

[22] *See* ECF No. 17-1.

[23] *See* ECF No. 12-1 at 16–19.

[24] This moots Leon-Mora's supplement to his preliminary-injunction motion, which argued that the government has "not provided the underlying [removal] order or the records establishing its entry, service, or execution." ECF No. 18 at 1.

[25] ECF No. 21 at ¶ 18.

[26] *Id.*

[27] *Id.*

The Immigration and Nationality Act (INA) and its implementing regulations create a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) "governs the detention of [noncitizens] subject to reinstated orders of removal."[28] To reinstate a prior removal order under 8 C.F.R. § 241.8(a), the immigration officer must determine "(1) [w]hether the [noncitizen] has been subject to a prior order of removal . . . (2) [t]he identity of the [noncitizen], i.e., whether the [noncitizen] is in fact a[] [noncitizen] who was previously removed, or who departed voluntarily while under an order of exclusion, deportation, or removal . . . [and] (3) [w]hether the [noncitizen] unlawfully reentered the United States."[29] The first step requires the immigration officer to "obtain the prior order of exclusion, deportation, or removal."[30] If disputed, the third step requires the immigration officer to "consider all relevant evidence," including the noncitizen's statements, evidence in his possession, and "a check of Service data systems available to the officer" to determine whether he reentered the United States unlawfully.[31] During 8 U.S.C. § 1231(a)'s 90-day "removal period," detention is mandatory.[32]

To challenge the reissuing of a removal order, petitioners must be able to show procedural defects in the reinstatement process, such as material errors in the reinstatement determination. In *Morales-Izquierdo v. Gonzales*,[33] the petitioner challenged the

---

[28] *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021).

[29] 8 C.F.R. § 241.8(a).

[30] *Id.*

[31] *Id.*

[32] 8 U.S.C. §§ 1231(a)(1)(B), (a)(2)(A) (explaining that the 90-day "removal period" begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," or the date the noncitizen is released from non-immigration detention).

[33] *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007).

constitutionality of 8 C.F.R. § 241.8(a), arguing that the regulation did not afford noncitizens proper Fifth Amendment due-process protections "because it assigns the reinstatement determination to an immigration officer—an official not qualified to resolve disputed questions as to the factual predicates for reinstatement."[34] The panel held that this regulation "does not offend due process" because "the regulation provides significant procedural safeguards against erroneous reinstatements."[35] The panel permitted petitioners to "raise procedural defects in their particular cases."[36] The petitioner claimed that "he had no meaningful opportunity to review his file and respond to adverse evidence."[37] But he did not identify any "material errors in his file" or "explain what evidence he would have presented, given the opportunity to do so."[38] The panel concluded that because petitioner received notice and an opportunity to make a statement contesting the reinstatement under 8 C.F.R. § 241.8(a)(3), he "failed to show how a more elaborate process would have helped him."[39]

Leon-Mora's case is materially indistinguishable from *Morales-Izquierdo*. Leon-Mora received the process required by 8 C.F.R. § 241.8. He alleges that the government didn't supply his prior removal order when he was detained three weeks ago.[40] But the regulation does not require the immigration officer to provide a noncitizen with his prior removal order when

---

[34] *Id.* at 495.

[35] *Id.* (listing procedural safeguards, including the three prerequisites for reinstating a prior removal order, the avenues for relief if a noncitizen disputes the order, and the ability to challenge removal through withholding-only proceedings).

[36] *Id.* at 496.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] ECF No. 21 at ¶¶ 26–28.

reinstating it. Instead, 8 C.F.R. § 241.8(a)(1) requires the officer to "obtain" the prior removal order. The Form I-871, which Leon-Mora filed with his initial petition, shows that the immigration officer determined that he was subject to a March 9, 2014, prior removal order.[41] Presumably to determine the date of Leon-Mora's removal order, the officer needed to obtain the order. The government's inability to provide the order to Leon-Mora immediately upon counsel's request[42] was not a due-process violation. Leon-Mora has not cited and I have not found any caselaw that requires the government to provide the prior removal order to a noncitizen contemporaneously with detention.[43] Like the petitioner in *Morales-Izquierdo*, Leon-Mora received his reinstatement notice and declined to sign the notice or contest it. And he has not identified any errors in his file or explained how he would have contested the prior removal order even if he received it during the immigration officer's reinstatement determination. I find that the immigration officer provided Leon-Mora with the process deemed sufficient by the Ninth Circuit under 8 C.F.R. § 241.8.

Leon-Mora also alleges that that the government failed to provide evidence of his unlawful reentry.[44] 8 C.F.R. § 241.8(a)(3) requires the immigration officer to consider "all relevant evidence" including the noncitizen's statements and available data when determining

---

[41] ECF No. 1-2.

[42] *See* ECF No. 1 at ¶ 28.

[43] *See Morales-Izquierdo*, 486 F.3d at 494 (holding that an immigration officer may reinstate a prior removal order under 8 C.F.R. § 241.8, which "only requires proof that (1) petitioner is a[] [noncitizen], (2) who was subject to a prior removal order, and (3) who illegally reentered the United States"); *Pena-Lopez v. Blanche*, No. 25-2692, 2026 WL 1724423, at *2 (9th Cir. June 15, 2026) (finding that the petitioner did not show "sufficient procedural defects to warrant relief" because the immigration officer properly considered "(1) his identity, (2) whether he was subject to a prior removal order, and (3) whether he unlawfully reentered the United States" under 8 C.F.R. § 241.8(a)).

[44] ECF No. 21 at ¶¶ 26–28.

whether the noncitizen reentered unlawfully following prior removal or voluntary departure. Leon-Mora does not allege that he reentered the country lawfully. He also does not explain what evidence he would have presented, given the opportunity to do so—i.e., evidence that he reentered lawfully such that the officer could consider this representation under 8 C.F.R. § 241.8(a)(3).[45] His Form I-213's "entry data" available to the officer during his detention also doesn't show that he lawfully reentered the United States.[46] Again, the governing statute and regulation do not require that the government provide Leon-Mora with evidence of his unlawful reentry and he does not allege any material issues with the evidence that the immigration officer considered.

Leon-Mora concludes by requesting that the government "produce the complete September 2026 administrative record and establish a current reinstatement satisfying § 1231(a)(5) and 8 C.F.R. § 241.8."[47] But neither the regulation nor the statute requires the government to create an administrative record. The regulation states that "[i]f an officer determines that a[] [noncitizen] is subject to removal," the officer must "provide the [noncitizen] with written notice of his or her determination," "advise the [noncitizen] that he . . . may make a written or oral statement contesting the determination," allow him to contest the decision upon his request, and "consider whether the [noncitizen's] statement warrants reconsideration of the determination."[48] If the government determined that Leon-Mora was subject to a prior removal order, confirmed that his identity matched the removal order, and established that he unlawfully reentered the United States based on "all relevant evidence," it can remove him "under the

---

[45] *See Morales-Izquierdo*, 486 F.3d at 496.

[46] *See generally* ECF No. 12-1 at 12–13.

[47] ECF No. 21 at ¶ 31.

[48] 8 C.F.R. § 241.8(b).

previous order of exclusion, deportation, or removal in accordance with section 241(a)(5)" of the INA.[49]

Based on Leon-Mora's allegations, I do not find that the government violated his due-process rights when it reinstated his prior removal order. The government complied with 8 C.F.R. § 241.8, and Leon-Mora has now received more process than most noncitizens are due because the government provided all of his immigration records, including the prior removal order, in response to his habeas petition. So I find that Leon-Mora is lawfully detained under 8 U.S.C. § 1231's mandatory-detention period and I deny his habeas petition seeking release. Because I dismiss Leon-Mora's substantive claim, I also deny his preliminary-injunction motion[50] and motion for order to show cause[51] as moot.

**Conclusion**

IT IS THEREFORE ORDERED that Jose Leon-Mora's motion for a preliminary injunction **[ECF No. 2] is DENIED as moot.**

IT IS FURTHER ORDERED that Jose Leon-Mora's motion for order to show cause **[ECF No. 13] is DENIED as moot.**

---

[49] *Id.* at § 241.8(c).

[50] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (holding that a party must establish that he is likely to succeed on the merits for a court to grant his preliminary-injunction motion).

[51] "'A court's power to impose coercive civil contempt depends upon the ability of the contemnor to comply with the court's coercive order, something [that] may change over time.'" *Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 630 (9th Cir. 2016) (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983)). This means that, "[o]nce an injunction [or restraining order] has been terminated . . . a coercive sanction would no longer serve any purpose" because there is nothing left to coerce. *Id.* at 630–31 (citing *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 829 (1994)).

IT IS FURTHER ORDERED that Jose Leon-Mora's amended petition for a writ of habeas corpus **[ECF No. 21] is dismissed without prejudice, and the Clerk of Court is directed to CLOSE THIS CASE.**

Dated: October 1, 2026.

_______________________________
U.S. District Judge Jennifer A. Dorsey